FILED
HARRISBURG, PA

FEB 15 2019

PER _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Clifton Jerome Washington

(Enter above the full name of plaintiff in this action)

CIVIL CASE NO: 1:19-CV-0273
(to be supplied by Clerk of the District Court)

v.

correctional officer Hayden
correctional officer Schwartz
USP Canaan Shu Staff

(Enter above the full name of the defendant(s) in this action)

## COMPLAINT

1. The plaintiff __Clifton Jerome Washington__ a citizen of the County of __N/A__ State of Pennsylvania, residing at __N/A__ wishes to file a complaint under __Section 1983 of Title 42 of the United States Code, (42 U.S.C. § 1983).__
   (give Title No. etc.)

2. The defendant is __United States and Correctional officers Hayden, Schwartz, and USP Canaan Shu Staff__

3. STATEMENT OF CLAIM: (State below the facts of your case. If you have paper exhibits that give further information of your case, attach them to this completed form. Use as much space as you need. Attach extra sheet(s) if necessary) _____

(margin note: see 4th note)

FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

(1) __Clifton Washington__   __56941-056__
    (Name of Plaintiff)        (Inmate Number)

__USP Lee County P.O. Box 305, Jonesville, VA 24263__
(Address)

(2) _____   _____
    (Name of Plaintiff)        (Inmate Number)

_____
(Address)

_____
(Case Number)

(Each named party must be numbered,
and all names must be printed or typed)

vs.

CIVIL COMPLAINT

(1) __USP Canaan C-O. Hayden__

(2) __USP Canaan C-O. Schwartz__

(3) __USP Canaan Shu Staff__

(Names of Defendants)

(Each named party must be numbered,
and all names must be printed or typed)

TO BE FILED UNDER: _____ 42 U.S.C. § 1983 - STATE OFFICIALS

_____ 28 U.S.C. § 1331 - FEDERAL OFFICIALS

I.  PREVIOUS LAWSUITS

   A.   If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned:

   _____

   _____

   _____

   _____

1

## II. EXHAUSTION OF ADMINISTRATIVE REMEDIES

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A. Is there a prisoner grievance procedure available at your present institution? ✓ Yes ___ No

B. Have you fully exhausted your available administrative remedies regarding each of your present claims? ___ Yes ✓ No

C. If your answer to "B" is Yes:

   1. What steps did you take? _____

   2. What was the result? _____

D. If your answer to "B" is No, explain why not: As you will see the very last part of the prisoner grievance procedure, my grievance was accepted in part and forwarded to another component of the B.O.P.

## III. DEFENDANTS

(1) Name of first defendant: Mr. Hayden Correctional officer
   Employed as correctional officer at United States Penitentiary Canaan
   Mailing address: _____

(2) Name of second defendant: Mr. Schwartz
   Employed as correctional officer at United States Penitentiary Canaan
   Mailing address: _____

(3) Name of third defendant: _____
   Employed as _____ at _____
   Mailing address: _____

(List any additional defendants, their employment, and addresses on extra sheets if necessary)

## IV. STATEMENT OF CLAIM

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach no more than three extra sheets if necessary.)

1. As you will see, the assault on me concerning USP Canaan SHU staff on 3/7/17 is truth as I am including the information of a Freedom Of Information Act Request concerning executive staff S.I.A official Mr. Baker

2

here at USP Lee County having me do an Affidavit on USP Canaan staff attacking me.

2. You will see in Part B response of/from the Warden at USP Canaan and allege misconduct that my appeal was partially-granted.

3. You will see that (Administrative Remedy No. 896938-A1 of staff (Part B - Response) attempting to cover up the assault that the matter was forwarded to the appropriate Bureau Component for further review, and proof of my injuries is on record, and Dr. Bell of the Psychology Department can testify to it, as she took notes the same day at USP Canaan.

## V. RELIEF

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

1. That civil action be taken as I've asked from the beginning of my grievance process. I'm asking (requesting) $250,000.00 for my physical, mental, and emotional damages.

2. That criminal charges be brought up on every official who hurt me not just physically, but mentally, and emotionally as well.

3. That the court take a lie detector test on me and the officials who performed misconduct, and the courts look into why the USP Canaan SIS officials didn't rebutt my Affidavit I was given by Executive Staff October, 2018, over 18 months after the attack.

3

3. (CONTINUED) S.I.A. Mr.Baker executive staff here at USP LEE county shared with me the news that "supposedly" the officials involved in the attacking me for grieving no longer work there at USP Canaan. I would like to ask the courts to have the media and President Trump have a look into how United States Penitentiary B.O.P. officials "some" do not uphold the integrity of the B.O.P.

4. WHEREFORE, plaintiff prays that the courts consider my torture, and grant me whatever monetary (civil suit) and mental health help that you can to help me recover from the trauma I've suffered, and the USP Canaan Shu staff involved in my case against them be brung before the courts for criminal charges.

Clifton Washington
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

Signed this __10th__ day of __February__ 20_19_ (2019).

___Clifton Washington___
(Signature of Plaintiff)

4

# Freedom of Information Act Request

Name of Agency: B.O.P. central office F.O.I.A Branch
Address: 320 First St, N.W.
City/State/ Zip: Washington D.C. 20534

MYR/LEE

Received
DEC 03 2018
FOIA-PA Section
Federal Bureau of Prisons

Dear Sir or Madam:

This is a request under the Freedom of Information Act as amended (5 552) in conjunction with Privacy Act (5 USC 552a)

I am writing to request the following information: On October 22, 2018 / 10, 22, 2018, S.I.A Mr. Baker interviewed me for an Affidavit concerning staff misconduct, an assault on me (prisoner) by USP Canaan Staff, S.I.A Baker printed the Affidavit, afterward I ask him could I have a copy of the Affidavit and S.I.A Baker told me to write a Freedom of Information Act, and I would receive it. I need the Affidavit, could you please send me this Affidavit concerning the assault on me, inmate Clifton Jerome Washington #51641-056, on October 22, 2018 / 10, 22, 18 Affidavit made by S.I.A Baker in regards to my March 7-2017 / 3-7-17 assault by USP Canaan staff on me.

The FOIA also provides that if only portions of a file are exempted from release, the remainder must be released. I therefore request that I be provided with all non-exempt portions which are reasonablely segregable. I of course reserve my right to appeal the withholding or deletion of any information.

If you have any questions regarding this request, please write me at the below captioned address.

As provided in the Freedom of Information Act. I will expect to receive a reply within 20 working days.

Sincerely yours,

Clifton Jerome Washington
(Name)

51641-056  F unit
(ID Number and Unit)

United States Penitentiary Lee County
(Institution)

P.O. Box 305
(Address)

Jonesville, VA, 24263
(City, State, and ZIP)



**U.S. Department of Justice**
**Federal Bureau of Prisons**

*Mid Atlantic Regional Office*
*302 Sentinel Drive*
*Suite 200*
*Annapolis Junction, MD 20701*

December 6, 2018

Clifton Washington
Reg. No. 51641-056
USP Lee
PO Box 305
Jonesville, VA 24263

Dear Mr. Washington:

The Federal Bureau of Prisons (BOP) received your Freedom of Information Act/Privacy Act (FOIA/PA) request. Your request has been assigned a number and forwarded to the processing office noted below. Please make a note of the request number and processing office as you will need to include it in any correspondence or inquiry regarding your request. A copy of the first page of your request is attached to help you more easily keep track of your request.

FOIA/PA Request Number:     2019-01225
Processing Office:          Mid-Atlantic Regional Office

The time needed to complete our processing of your request depends on the complexity of our records search and the volume and complexity of any records located. Each request is assigned to one of three tracks: simple, complex, or expedited. Due to the large number of FOIA/PA requests received by BOP and the limited resources available to process such requests, BOP handles each request on a first-in, first-out basis in relation to other requests in the same track. Your request was assigned to the complex track and placed in chronological order based on the date of receipt.

We determined unusual circumstances exist as the documents responsive to your request must be searched for and collected from a field office, and/or the documents responsive to your request are expected to be voluminous and will require significant time to review. Because of these unusual circumstances, we are extending the time limit to respond to your request for the ten additional days provided by the statute. Processing complex requests may take up to nine months. Pursuant to 28 C.F.R. § 16.5(b) and (c), you may narrow or modify your request in an effort to reduce the processing time.

Pursuant to 28 C.F.R. § 16.10, in certain circumstances we are required to charge fees for time spent searching for or duplicating responsive documents. If we anticipate your fees will be in excess of $25.00 or the amount you have indicated you are willing to pay, we will notify you of the estimated amount. At that time, you will have the option to

reformulate your request to reduce the fees. If you requested a fee waiver, we will make a decision whether to grant your request after we determine whether fees will be assessed for this request.

If you have any questions or wish to discuss reformulation or an alternative time frame for the processing of your request, please feel free to contact the MXR at 301-317-3100 or the Federal Bureau of Prisons' (BOP) FOIA Public Liaison, Mr. C. Darnell Stroble at 202-616-7750, 320 First Street NW, Suite 936, Washington DC 20534, or ogc_efoia@bop.gov. You can also check the status of your request on line at http://www.bop.gov/PublicInfo/execute/foia.

Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information, Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

*[signature]*

Matthew W. Mellady
Regional Counsel
Mid-Atlantic Region

INMATE'S NAME:  Washington, Clifton
INMATE'S REG. NUMBER:  51641-056

3. Summary of Investigation:

This is in response to your request for administrative remedy received. You allege that you had been attacked by the morning shift SHU staff. You allege that you were told by the SHU staff not to file complaints if you did they would beat you.

Inmate's concerns were addressed, Staff denies inmate's allegations that they threatened and or attacked the inmate.

It is the policy of the Federal Bureau of Prisons, and the practice followed by this facility, to treat all inmates in a fair and impartial manner

4. What actions were taken to resolve this matter informally:

The inmate was advised to proceed to the BP-9 level as it can't be resolved at this level.

5. Explain reasons for no resolution:

Inmate Washington must proceed to BP-9 level due to his Staff allegations.

L. Brandenburg / Counselor

...ment of Justice                                  **Regional Administrative Remedy Appeal**

...l Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: __Washington, Clifton J__     __51641-056__   __B237__    __USP Canaan__
       LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT          INSTITUTION

**Part A - REASON FOR APPEAL**

I have great reason to believe that USP Canaan staff is working to cover up the brutal attack on me by Shu staff "P McCraw" that happened on 3/7/17. An en camera review of that day will show me being escorted out of cell A204, one medical lady laughed at me as blood dripped down the wound that's clearly visible on my forehead, one officer who has always treated me respectfully asked the staff who had me in a room downstairs in shu, "Shouldn't we record this?" They both answered in unison "NO, it's taken care of." On 3/15/17 Medical Care Provider Ms. Walters came to see me and admitted she could see my head swollen, and she understands the stinging, throbbing, etc.

__4/27/17__                                      __Clifton Washington__   See Ex
DATE                                              SIGNATURE OF REQUESTER

**Part B - RESPONSE**

See Attached Response

_____                    _____
          DATE                                              REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                        CASE NUMBER: __896935-R2__

**Part C - RECEIPT**

                                                  CASE NUMBER: _____

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT          INSTITUTION

SUBJECT: _____

_____                    _____
          DATE                                    SIGNATURE, RECIPIENT OF REGIONAL APPEAL

Attachment

Ex

Medical Care Provider Ms. Walters also said she could understand the throbbing headaches, stomach aches, and loss of some memory. En Camera Review will show me being roughly escorted in full shackles from room to room, where officer Hayden and others from his PM shift SHU (Special Housing Unit) crew of officers threatened my life and bragged about taking my BP8, throwing it away. They even tried to convince me to say it was my celle who split my forehead and offered to take me to a different tier, this I knew to be a part of their corrupt activities being covered up. Psychology Dept Doctor Bell, Ms Bell pulled me out of the cell that same day (afternoon), she acknowledged my head wound and took notes as I told her what happened. Around 4 p.m. Medical Staff 'Glucking' a male medical personnel came walking past my cell at 4 p.m. count, he said he could see the split, but refused to help, he only jotted down a note or two it appeared. I immediately filed a sick call, on 3-8-17 Medical personel Mr. Kubirack wouldn't accept my sick call while making his rounds. Later that day Mr. Gluckins came to pull me out, checked my vitals, again acknowledged my head wound, wrote some notes and left. On 3-12-17 medical accepted my sick call, and I was finally seen behind the cell door by care provider Ms. Walters. I'm seeking to file criminal and civil charges against USP Canaan Staff. Thanks.

WASHINGTON, Clifton
Reg. No. 51641-056
Appeal No. 896938-R2
Page One

---

### Part B - Response

You appeal the response from the Warden at USP Canaan and allege staff misconduct. Specifically, you allege on March 7, 2017, staff assaulted you and are attempting to cover-up the assault. You request a review of this matter.

A review of your appeal reveals the Warden adequately addressed your concerns regarding alleged staff misconduct. Pursuant to Program Statement 3420.11, <u>Standards of Employee Conduct</u>, your allegations of staff misconduct have been referred to the proper authority for investigation. A thorough investigation will be conducted; however, the results of the investigation will not be disclosed to you, as you are not entitled to this information. Accordingly, your appeal is partially granted.

If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons. Your appeal must be received in the Administrative Remedy Section, Office of General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534, within 30 calendar days of the date of this response.

Date: June 15, 2017

M.D. CARVAJAL
Regional Director

U.S. Department of Justice

Federal Bureau of Prisons

Central Office Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: Washington, Clifton, J.     51641-056     1B     USP Allenwood
LAST NAME, FIRST, MIDDLE INITIAL  REG. NO.      UNIT   INSTITUTION

**Part A - REASON FOR APPEAL**

In the Regional Directors 'Part B - Response to my appeal and the response from the Warden at USP Canaan, and alleging of staff misconduct, on 3-7-17 when U.S.P. Canaan SHU staff 'did in fact assault me and are attempting to cover up the assault. I stated in Part-A Inmate Request BP9 that I am (seeking to file criminal and civil charges against U.S.P. Canaan staff, specifically SHU staff who can be seen on en-camera review mistreating me and my then cellmate, threatening us, amongst other misconductive things, however in responses to my BP9, and BP10, even my BP8 nothing is mentioned about what I'm seeking which is criminal and civil charges, and proof of staff trying to cover up the assault and their misconduct. And these things are my reason for Appeal. Health Services have given me copies of my StatRad Exam Requisition, the injuries I suffered from staff attacking me; suspect type II left acromioclavicular joint seperation injury, proof of elevated blood pressure, see At

_____    _____
DATE                        SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED
JUL 2 0 2017
Administrative Remedy Office

_____    _____
DATE                        GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE    CASE NUMBER: 896938-A1

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____    _____
DATE                        SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

UPN LVN                    PRINTED ON RECYCLED PAPER          BP-231(13)
                                                               JUNE 2002

proof of abrasions on my forehead caused of assault while staff kicked me repeatedly in the back of my head causing my head to collide over and over into the metal leg of the bunk in the cell, I continued bleeding, my arms were twisted and turned every which way, officer's tried to pull out my hair, officers refused on officer the right to record my bleeding face, because they knew that it would show my injuries, I never recieved any incedint report to have been attacked by staff which is further proof of their misconduct, for three days, nearly four, I was on hunger strike for Inhumane Treatment, that led up to my filing a BP8, I was threatened the BP8 was destroyed by staff who boasted about it, and ultimately I was attacked, Psychology Dr. Bell came to interview me the same afternoon of /3/7/17 and she acknowledged my busted forehead, took pages of notes, admitted to me that I was being treated wrongly, USP Canaan Warden failed to protect me, a prisoner from violence by staff in violation of the 8th Amendment, his failure to protect claim by allowing SHU staff at Canaan to also move me into a cell with an individual name Kennedy who was friends with the guy that led me to coming into the SHU in the first place does show that Canaan SHU staff were retaliating by them knowing I continued to file grievence's B9's, and BP10, so they hoped I would be attacked by inmate Kennedy who they placed me in the cell with at the end of April beginning of May hoping he would attack me, but he didnt, we told the Warden, wrote letters to the S.I.A, and even my family and the O.I.G of which my family never recieved of same, and the O.I.G didnt neither, (8) 11.8 Retaliation claims are provable. I've been having to suffer from my physical injuries, and mental and emotional damage. A prison offizial may not retaliate against or harass an inmate for complaining through proper channels about guards misconduct, I have material facts, en camera review as proof, and medical documentation for injuries I suffered, I have suffered constitutional injury, I'm going through Physical Therapy for my arm, I'm urging qualified immunity, the facts and issues are simple, I would like a civil lawyer from the B.O.P if possible so Canaan staff will be held liable in their individual capacities for those violations under a theory of supervisory liability, I was subjected to excessive force in violation of my 14th Amendment. Appointment of counsel in a civil proceeding for abuse of discretion, see camera (en camera) review of 3-7-17, all the way up to 3-8-17 and after until 5-4-17, I have more...

**Administrative Remedy No. 896938-A1**
**Part B - Response**

This is in response to your Central Office Administrative Remedy Appeal, wherein you allege staff misconduct. Specifically, you alleged that on March 7, 2017, you were assaulted by staff and that staff are now attempting to cover up the assault. For relief, you request an investigation and that civil and criminal charges be filed against staff at USP Canaan.

We have reviewed the documentation related to your appeal and, based on this review, we concur with the manner in which the Warden and Regional Director addressed your concerns. Staff conduct is governed by Program Statement 3420.11, <u>Standards of Employee Conduct</u>, and the Bureau of Prisons takes seriously any allegation of staff misconduct, such as those you raised in this remedy cycle. We look into matters which may constitute inappropriate conduct and refer them to another component of the Bureau of Prisons for appropriate action. The matter has been forwarded to the appropriate Bureau component for further review.

Additionally, no inmate is entitled to be advised of the results of any inquiry or any action pursued against staff. You should also be aware such reviews may or may not include interviewing you and no inmate is entitled to be apprised of the progress, outcome, or disposition of any review of alleged staff misconduct. Similarly, any action taken against staff, if any are deemed necessary, will not be disclosed to you.

Accordingly, this response is provided for informational purposes only.

_8/31/17_
Date

Ian Connors, Administrator
National Inmate Appeals



# Bureau of Prisons
# Health Services
# Clinical Encounter

| | | | |
|---|---|---|---|
| Inmate Name: WASHINGTON, CLIFTON JEROME | | Reg #: 51641-056 | |
| Date of Birth: 05/14/1982 | Sex: M   Race: BLACK | Facility: CAA | |
| Encounter Date: 03/15/2017 13:24 | Provider: Walters, H. PA-C | Unit: Z02 | |

Mid Level Provider - Sick Call Note encounter performed at Special Housing Unit.

**SUBJECTIVE:**

**COMPLAINT 1**     **Provider:** Walters, H. PA-C

**Chief Complaint:** Headache

**Subjective:** Patient put in numerous sick call slips today for headaches, and right elbow pain s/p altercation last week. He admits to getting hit in the forehead several times, possibly with a padlock. Since then, he has had centrally located headaches, as well as mild difficulties concentrating. He also some discomfort in his right elbow, and his left shoulder - which he believes are also related to the altercation last week. He denies any nausea, vomiting, or visual changes.

**Pain:** Yes

**Pain Assessment**
- **Date:** 03/15/2017 13:30
- **Location:** Head
- **Quality of Pain:** Aching
- **Pain Scale:** 3
- **Intervention:** eval
- **Trauma Date/Year:**
- **Injury:**
- **Mechanism:**
- **Onset:** 3-5 Days
- **Duration:** 3-5 Days
- **Exacerbating Factors:** none
- **Relieving Factors:** none
- **Comments:**

**OBJECTIVE:**

**Exam Comments**
Ambulating in cell, no gait disturbances.
Head - PERRLA, EOM intact. Forehead shows three small abrasions, very minimal edema. No lacerations, erythema or ecchymoses.

**ASSESSMENT:**

Headache, R51 - Current

**PLAN:**

**New Medication Orders:**

| Rx# | Medication | Order Date | Prescriber Order |
|---|---|---|---|
| | | | |

# Bureau of Prisons
# Health Services
# Clinical Encounter

| | | |
|---|---|---|
| Inmate Name: WASHINGTON, CLIFTON JEROME | | Reg #: 51641-056 |
| Date of Birth: 05/14/1982 | Sex: M  Race: BLACK | Facility: ALP |
| Encounter Date: 05/16/2017 10:20 | Provider: Wood, B. PA-C | Unit: A04 |

Mid Level Provider - Follow up Visit encounter performed at Health Services.

**SUBJECTIVE:**

   **COMPLAINT 1**      **Provider:** Wood, B. PA-C

     **Chief Complaint:** Trauma/Injury
     **Subjective:** pt presents today to address ongoing issues with headache, difficulty with concentration/memory; as well as left shoulder/arm pain associated with numbness and tingling sensations.

pt claims this began after an altercation with staff while in SHU (refer to note 3/7/17). pt states that he hit his head on the metal leg post of the bed and sustained a small laceration above his right eye. pt also states that while being placed in cuffs, his left arm was hyper-extended, and feels this is the reason he continues to experience left shoulder/arm pain. pt was seen for these issues on 3/15/17. At that visit, he was evaluated and prescribed IBU. pt was seen again on 3/21/17 and taken off of the IBU (due to possible connection with rash) and instead advised to purchase otc acetaminophen. Then, prior to transfer from the last institution to here, pt was seen 4/18/17. pt continued to c/o the same issues: intermittent headaches, left arm pain. Per the plan, pt was to be scheduled for an x-ray of the neck to see if degenerative disc disease or OA was causing the referred pain. there was also consideration for PT eval. However, this was not completed due to the transfer.

pt would like to pursue these recommendations due to continued problems. pt describes headaches as starting from the back of the head extending to the top. pt denies any throbbing, dizziness, lightheadedness, fatigue, sensitivity to light or sound, visual changes, nausea or vomiting. pt describes the shoulder pain as an achiness that radiates down the arm with occ pins/needles in left hand/fingers. pt stopped working out due some limitations from the left shoulder. pt is not currently taking anything for headache or arm pain.

FALL RISK ASSESSMENT: The patient was questioned at today's encounter and denies any mobility problems and has no history of falls less than 3 months, no secondary diagnosis to suggest a fall risk, does not use an Ambulatory Aid, has normal gait/transferring, and is oriented.

     **Pain:** Yes
     **Pain Assessment**
       **Date:** 04/18/2017 13:32
       **Location:** Multiple Locations
       **Quality of Pain:** Burning
       **Pain Scale:** 4
       **Intervention:** eval
       **Trauma Date/Year:**
       **Injury:**
       **Mechanism:**
       **Onset:** 2-6 Months
       **Duration:** 2-6 Months
       **Exacerbating Factors:** x
       **Relieving Factors:** x
       **Comments:**

*your readings* (handwritten)

# Bureau of Prisons
## Health Services
### Blood Pressure

| | | |
|---|---|---|
| **Begin Date:** 04/10/2016 | | **End Date:** 05/16/2017 |
| **Reg #:** 51641-056 | | **Inmate Name:** WASHINGTON, CLIFTON JEROME |

| Date | Time | Value | Location | Position | Cuff Size | Comments |
|---|---|---|---|---|---|---|
| 05/16/2017 | 10:20 ALX | 147/91 | | | | |
| Orig Entered: 05/16/2017 10:21 EST   Wood, B. PA-C | | | | | | |
| 05/16/2017 | 10:20 ALX | 139/86 | | | | |
| Orig Entered: 05/16/2017 10:21 EST   Wood, B. PA-C | | | | | | |
| 05/09/2017 | 07:27 ALX | 154/86 | | | | |
| Orig Entered: 05/09/2017 07:29 EST   Krisher, Laura LPN | | | | | | |
| 03/08/2017 | 19:45 CAA | 137/88 | Left Arm | Sitting | | |
| Orig Entered: 03/08/2017 20:34 EST   Glucksnis, B. NR-P | | | | | | |
| 03/07/2017 | 11:45 CAA | 146/77 | Left Arm | Sitting | Adult-large | |
| Orig Entered: 03/07/2017 13:30 EST   Yesalavage, J. EMT-P | | | | | | |
| 03/07/2017 | 11:35 CAA | 151/91 | Left Arm | Sitting | Adult-large | |
| Orig Entered: 03/07/2017 13:30 EST   Yesalavage, J. EMT-P | | | | | | |
| 02/21/2017 | 15:15 CAA | 138/84 | Left Arm | Sitting | Adult-large | |
| Orig Entered: 02/21/2017 15:41 EST   Yesalavage, J. EMT-P | | | | | | |
| 12/13/2016 | 10:04 CAA | 142/79 | | | | |
| Orig Entered: 12/13/2016 10:08 EST   Kennane, Thomas PA-C | | | | | | |
| 12/05/2016 | 13:34 CAA | 144/68 | | | | |
| Orig Entered: 12/05/2016 13:39 EST   Kennane, Thomas PA-C | | | | | | |

**Total:** 9

*goal is less than 120/80* (handwritten)