IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CLIFTON JEROME WASHINGTON,** | : | CIVIL ACTION NO. 1:19-CV-273 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **CORRECTIONAL OFFICER HAYDEN,** *et al.*, | : | |
| | : | |
| Defendants | : | |

# MEMORANDUM

Plaintiff Clifton Jerome Washington ("Washington"), an individual formerly incarcerated at the United States Penitentiary, Cannan, in Waymart, Pennsylvania ("USP-Canaan"), commenced this action pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971),[1] raising an Eighth Amendment excessive force claim.  (Doc. 1).  Named as defendants are senior officer specialists Hayden and Schwartz, and USP-Canaan special housing unit ("SHU") staff.  (Id.) Defendants Hayden and Schwartz move for summary judgment pursuant to Federal Rule of Civil Procedure 56.  (Doc. 36).  For the reasons set forth below, the court will grant defendants' motion.  The court will also dismiss the action against the USP-Canaan SHU staff pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

---

[1] In Bivens, the United States Supreme Court created a federal tort counterpart to the remedy created by 42 U.S.C. § 1983 as it applies to federal officers.

I.      **Factual Background & Procedural History**[2]

In April 2010, Washington was sentenced to 120 months' imprisonment for possession of a firearm by a felon, in violation of 18 U.S.C. § 922(G)(1). (Doc. 37, Statement of Material Facts, ¶ 1). He was in the custody of the Bureau of Prisons ("BOP") and was housed at USP-Canaan from October 17, 2016 to May 4, 2017. (Id. at ¶¶ 1-2). On July 3, 2019, the BOP released Washington from federal custody, via good conduct time. (Id. at ¶ 3).

On March 7, 2017, defendants Hayden and Schwartz were senior officer specialists at USP-Canaan.[3] (Id. at ¶ 4). At approximately 11:28 a.m., in the SHU of USP-Canaan, SHU staff found Washington unresponsive and on the floor in cell number 204. (Id. at ¶ 5). SHU staff called medical immediately and medical personnel responded to the cell. (Id. at ¶ 6). Medical staff assessed Washington and noted that he had a .5 cm laceration above his right eyebrow with controlled

---

[2] Local Rule 56.1 requires that a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 be supported "by a separate, short, and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." LOCAL RULE OF COURT 56.1. A party opposing a motion for summary judgment must file a separate statement of material facts, responding to the numbered paragraphs set forth in the moving party's statement and identifying genuine issues to be tried. Id. Unless otherwise noted, the factual background herein derives from defendants' Rule 56.1 statement of material facts and supporting exhibits. (Docs. 37, 37-1). Washington did not file a response to defendants' statement of material facts. The court accordingly deems the facts set forth by defendants to be undisputed. See LOCAL RULE OF COURT 56.1. See also (Doc. 39 ¶ 2) (advising Washington that failure to file a responsive statement of material facts would result in the facts set forth in defendants' statement of material facts being deemed admitted).

[3] Hayden and Schwartz are still employed by the BOP as senior officer specialists. (Doc. 37 ¶ 4).

bleeding.  (Id. at ¶ 7; Doc. 37-1 at 12-13, BOP Clinical Encounter).  Washington did not allow medical staff to clean his wound.  (Doc. 37 ¶ 8).  He told them: "Don't touch me I'll be alright," and then recited the Lord's Prayer.  (Id.)  Medical staff advised Washington to follow up with sick call as needed.  (Id. at ¶ 9).

Later that day, around 4:00 p.m., medical staff saw Washington at his cell for a follow-up evaluation and observed the .5 cm laceration.  (Id. at ¶ 10; Doc. 37-1 at 12-13, BOP Clinical Encounter).  Washington told the provider that medical staff initially refused to treat his laceration.  (Doc. 37 ¶ 10).  He asked for Band-Aids and insisted that the provider document his request for Band-Aids.  (Id.)

Defendants Hayden and Schwartz did not kick or assault Washington.  (Id. at ¶¶ 11-12).  There is no evidence that defendants Hayden and Schwartz violated Washington's constitutional rights on March 7, 2017.  (Id. at ¶¶ 13-14).

Defendants Hayden and Schwartz filed the instant motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.  (Doc. 36).  Washington failed to respond to defendants' motion and the time for responding has now passed.[4]  Therefore, the motion is deemed unopposed and ripe for resolution.

## II.    Legal Standard

Through summary adjudication the court may dispose of those claims that do not present a "genuine issue as to any material fact" and for which a jury trial

---

[4] Washington was directed to file a brief in opposition to defendants' motion and was admonished that failure to file an opposition brief would result in defendants' motion being deemed unopposed.  (Doc. 39) (citing M.D. PA. LOCAL RULE OF COURT 7.6).  See also (Doc. 5, Standing Practice Order in Pro Se Plaintiff Cases, at 2).

would be an empty and unnecessary formality. See FED. R. CIV. P. 56(a). The burden of proof is upon the non-moving party to come forth with "affirmative evidence, beyond the allegations of the pleadings," in support of its right to relief. Pappas v. City of Lebanon, 331 F.Supp.2d 311, 315 (M.D. Pa. 2004); FED. R. CIV. P. 56(e); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). This evidence must be adequate, as a matter of law, to sustain a judgment in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-57 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-89 (1986); see also FED. R. CIV. P. 56(a), (e). Only if this threshold is met may the cause of action proceed. Pappas, 331 F.Supp.2d at 315.

**III.   Discussion**

Washington asserts that he was assaulted by SHU staff in violation of the Eighth Amendment prohibition against excessive force and that staff attempted to cover up the assault. The Eighth Amendment protects prisoners from cruel and unusual punishment, including "the unnecessary and wanton infliction of pain." Hudson v. McMillian, 503 U.S. 1, 5 (1992) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)); see also U.S. CONST. amend. VIII. In an Eighth Amendment excessive force case, the inquiry "is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. Not "every malevolent touch by a prison guard" violates the Constitution. Id. at 9. "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the

4

conscience of mankind.'" Id. (quoting Whitley, 475 U.S. at 327). To establish an Eighth Amendment excessive force claim, an inmate does not need to show that he suffered a significant, or even a more than *de minimis*, injury. Wilkins v. Gaddy, 559 U.S. 34, 37 (2010). Rather, the central issue is the force used by the officer, not the resultant injury. Flood v. Schaefer, 439 F. App'x 179, 182 (3d Cir. 2011).

When determining whether a prison official has used excessive force, the court must consider the following factors: "(1) 'the need for the application of force'; (2) 'the relationship between the need and the amount of force that was used'; (3) 'the extent of injury inflicted'; (4) 'the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them'; and (5) 'any efforts made to temper the severity of a forceful response.'" Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000) (quoting Whitley, 475 U.S. at 321).

Here, the undisputed facts establish that defendants Hayden and Schwartz did not use excessive force against Washington on March 7, 2017. First, aside from naming Hayden and Schwartz as defendants, Washington has not identified which particular officers had physical contact with him on that day.[5] By failing to

---

[5] The record does not contain a single allegation against defendant Schwartz. The only factual reference pertaining to defendant Hayden is contained in an administrative remedy appeal wherein Washington generally contends that Hayden, and other SHU staff members, threatened him, boasted about confiscating his BP-8 form, and "covered up" their "corrupt activities." (Doc. 1 at 12). First, it is well-settled that verbal threats, without any accompanying physical injury, do not amount to malicious behavior violative of the Eighth Amendment. See Dunbar v. Barone, 487 F. App'x 721, 723 (3d Cir. 2012) ("[V]erbal threats or taunts, without more, are not sufficient to constitute a violation of the Eighth Amendment."). Thus, insofar as this verbal threat was unaccompanied by any injury, this claim must fail.

definitively identify Hayden and Schwartz as the individuals who used force on him, he has, in turn, failed to establish any evidence of their liability for his injuries.

Second, Washington does not discuss the need for application of force nor the relationship between the need and the amount of force used. Other than asserting that he was assaulted and attacked, Washington has not provided any evidence as to what prompted the use of force incident. Notably, the evidence reveals that immediately after the incident, Washington refused to provide medical staff with any information about the altercation. (Doc. 37-1 at 2, Declaration of Susan L. Mowatt, M.D., BOP Medical Provider, ¶ 5; Doc. 37-1 at 12-13, BOP Clinical Encounter).

In sum, any claims against defendants Hayden and Schwartz are discredited by the evidence, which fails to show that they were involved in any use of force incident on March 7, 2017. An inmate asserting a claim of excessive force against a

---

Next, to the extent that Washington asserts that defendant Hayden conspired to cover up "corrupt activities," including the assault by SHU staff, he has failed to establish a plausible conspiracy claim. In order to demonstrate a conspiracy, "a plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right 'under color of law.'" Parkway Garage, Inc. v. City of Philadelphia, 5 F.3d 685, 700 (3d Cir. 1993) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970)), abrogated on other grounds by United Artists Theatre Circuit, Inc. v. Twp. of Warrington, Pa., 316 F.3d 392, 400 (3d Cir. 2003). "Bare conclusory allegations of 'conspiracy' or 'concerted action' will not suffice to allege a conspiracy. The plaintiff must expressly allege an agreement or make averments of communication, consultation, cooperation, or command from which such an agreement can be inferred." Flanagan v. Shively, 783 F.Supp. 922, 928 (M.D. Pa. 1992). In a conclusory fashion, Washington states that defendant Hayden conferred with other staff members to cover up their "corrupt activities." However, he has failed to evidence any facts showing an agreement or plan formulated and executed by any defendant to achieve a conspiracy. Washington cannot rely on vague, unsupported claims of a conspiracy.

correctional officer must show that the force was applied "'maliciously and sadistically for the very purpose of causing harm' instead of 'in a good faith effort to maintain or restore discipline.'" Robinson v. Danberg, 673 F. App'x 205, 211 (3d Cir. 2016) (quoting Hudson, 503 U.S. at 6).  Washington asserts in a conclusory fashion that prison officials assaulted him, without ever identifying who assaulted him.  He has failed to present any evidence that the injuries he suffered were at the hands of defendants Hayden and Schwartz.

The party adverse to summary judgment must raise "more than a mere scintilla of evidence in its favor" and cannot survive Rule 56 scrutiny by relying on unsupported assertions, conclusory allegations, or mere suspicions.  Williams v. Borough of W. Chester, 891 F.2d 458, 460 (3d Cir. 1989); see also FED. R. CIV. P. 56(c), (e).  "To overcome a motion for summary judgment, a plaintiff must come forward with evidence from which it can be inferred that the defendant-officials were . . . knowingly and unreasonably disregarding an objectively intolerable risk of harm."  Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 259 (3d Cir. 2010) cert. denied, 562 U.S. 1272 (2011) (quoting Beers-Capitol v. Whetzel, 256 F.3d 120, 132 (3d Cir. 2001)).  It is quite clear that Washington has failed to meet his burden with respect to the excessive force claim.  Consequently, defendants Hayden and Schwartz are entitled to summary judgment in their favor.

## IV. Federal Rule of Civil Procedure 4(m)

Rule 4(m) sets forth the following time frame a plaintiff has to serve a defendant with the summons and copy of the complaint:

> If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).

The USP-Canaan SHU staff were named as defendants in the complaint that was filed on February 15, 2019 and, to date, have not been properly been identified or served in this case. The court must engage in a two-step process in determining whether to dismiss the non-served defendants or grant Washington additional time to effect service. "First, the district court should determine whether good cause exists for an extension of time. If good cause is present, the district court must extend time for service and the inquiry is ended. If, however, good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995). Good cause requires good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance with the time specified in the rules. MCI Telecomm. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995). In determining whether good cause exists, a court's "primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." Id. Although prejudice is a factor to be considered, the absence of prejudice to the opposing party alone does not constitute good cause to excuse late service. Id.

In the present matter, Washington failed to establish good cause. After the expiration of the ninety-day time period set forth in Rule 4(m), the court notified Washington that the action against the USP-Canaan SHU staff was subject to dismissal, and directed him to show cause why the action against these defendants should not be dismissed pursuant to Rule 4(m). (Doc. 29). Washington failed to respond to the show cause order and, in general, his *pro se* status is not good cause to excuse his failure to timely identify and serve these defendants. Veal v. United States, 84 F. App'x 253, 256 (3d Cir. 2004). Based upon the lack of *any* explanation for his failure to adhere to the requirements of Rule 4, the court finds that Washington failed to establish good cause.

If a plaintiff cannot show good cause for his failure to serve a defendant within ninety days, a district court may either dismiss the defendant, or exercise its discretion to order that service be made within a specific time. Petrucelli, 46 F.3d at 1305; see also FED. R. CIV. P. 4(m). It is Washington's responsibility to properly identify all defendants, and provide accurate mailing addresses for the defendants, in a timely fashion. (See Doc. 10 ¶ 8) (advising Washington that failure to properly name a defendant, or provide an accurate mailing address for a defendant, may result in dismissal of the claims against that defendant pursuant to Federal Rule of Civil Procedure 4(m)). In light of Washington's lack of good faith effort to properly identify or serve the USP-Canaan SHU staff despite this court's warning of the possible consequences, including dismissal, the court concludes that dismissal is appropriate under the present circumstances. Accordingly, these unidentified, non-served defendants will be dismissed from this action.

## V. <u>Conclusion</u>

The court will grant the motion (Doc. 36) for summary judgment by defendants Hayden and Schwartz and enter judgment in their favor. The court will also dismiss the action against the USP-Canaan SHU staff pursuant to Federal Rule of Civil Procedure 4(m). An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:      January 26, 2021